IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2023 Term

_____

No. 21-0897
_____

FILED

**October 13, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JENNIFER W.,
Petitioner Below, Petitioner

v.

MICHAEL W.,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Wayne County
The Honorable Jason J. Fry, Judge
Case No. CC-50-2021-D-AP-1

REVERSED AND REMANDED
WITH DIRECTIONS

_____

Submitted: September 6, 2023
Filed: October 13, 2023

Amy C. Crossan, Esq.                     Arik C. Paraschos, Esq.
Bouchillon, Crossan & Colburn, L.C.      Sammons, Olivero & Paraschos, PLLC
Huntington, West Virginia                Huntington, West Virginia
Counsel for Petitioner                   Counsel for Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.  "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

**Armstead, Justice:**

Petitioner, Jennifer W., and Respondent, Michael W., divorced after nearly nineteen years of marriage. The Family Court of Wayne County, West Virginia, awarded Jennifer W. $10,000 of spousal support, payable over twelve months. The Circuit Court of Wayne County affirmed the family court's award of spousal support in gross, and on appeal to this Court, Jennifer W. contends that the family court erred by not awarding permanent spousal support. After careful review, we agree that the family court's award of spousal support in gross was error. Accordingly, we reverse the circuit court's order affirming the award and order the circuit court to remand this case to the family court for reconsideration of all statutory factors and for issuance of an order granting spousal support in an amount that is fair and equitable.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jennifer W. and Michael. W. married in November 2001. She was nineteen years old at the time, and he was twenty. They have two adult children, ages twenty and twenty-one, and one minor child who turns eighteen in March 2024. Jennifer W. attended one semester of college. Michael W. has technical training but no college degree. For most of the marriage, Michael W. worked full time at AK Steel while Jennifer W. stayed at home to raise the children, though she did some part-time work to supplement the family's income.

Jennifer W. filed for divorce in September 2020, and the family court held a telephonic evidentiary hearing in February 2021. At the time, two minors remained in the

1

parties' home in West Virginia. Michael W. was living in a second home in Ohio to be near his employment. The parties agreed on a property distribution that included allocating the West Virginia home to Jennifer W. and the Ohio home to Michael W. The amount of spousal support, however, remained in dispute, and after hearing testimony from both parties, the family court took the matter under advisement.

On June 23, 2021, the family court entered an order awarding "spousal support in gross" of $10,000. After deducting $5,113.83 from this amount to equalize the parties' property distribution, the court ordered Michael W. to make twelve payments of $397 per month starting in August 2021, plus an extra payment of $122.17 (totaling the remaining balance of $4,886.17) to be made by August 31, 2022. The beginning of these payments was timed to account for the fact that Michael W.'s child support was scheduled to drop from $1,317 per month to $920 per month when the middle child became an adult in July 2021. Thus, Michael W.'s monthly child-support payments and spousal support payments, over time, were as follows:

|  | **May 2021 -** | **Aug. 2021 -** | **Aug. 2022 -** | **June 2024[1] -** |
|---|---|---|---|---|
| Child Support: | $1,317 (2) | $920 (1) | $920 (1) | $0 (0) |
| Spousal Support: | $0 | $397[2] | $0 | $0 |
| Total: | $1,317 | $1,317 | $920 | $ 0 |

In support of this award, the family court made the following findings of fact: (a) that Jennifer W. earns approximately $21,000 per year as a teacher's aide, netting $1,668 per month; (b) that Michael W. earns approximately $102,000 per year as a maintenance technician, netting $5,778 per month; (c) that Michael W.'s net income is about three-and-a-half times greater than Jennifer W.'s net income; (d) that, by agreement, Jennifer W. raised the couple's children during the marriage and did not have a full-time job until September 2019; (e) that Jennifer W. postponed educational and career opportunities during the marriage and could not "substantially increase her income-earning ability" within a reasonable time through education or training; (f) that Michael W. has "much higher" earning capacity and benefitted from Jenifer W.'s time at home; (g) that the children no longer require much parental attention; (h) that the parties lived a "relatively comfortable middle-class life" during the marriage and would have to "adjust their

___

[1] Although the third child turns eighteen in March 2024, a child support order must provide for payments that "continue beyond the date when the child reaches the age of eighteen, so long as the child is unmarried and residing with a parent . . . and is enrolled as a full-time student in a secondary educational or vocational program and making substantial progress towards a diploma[.]" W. Va. Code § 48-11-103(a).

[2] This does not include the one-time payment of $122.17 due by August 31, 2022.

lifestyle" due to the divorce; (i) that Jennifer W.'s monthly expenses exceed her monthly net income; (j) that Michael W.'s child support payment of $1,317 per month enabled Jennifer W. to meet her monthly expenses; and (k) that Michael W. exaggerated his expenses and had "discretionary income to pay spousal support." Significantly, the family court also found that when Michael W.'s child support payment fell to $920 per month, *Jennifer W. would not be able to meet her monthly expenses*.[3]

Jennifer W. appealed to the circuit court, which affirmed the family court. Despite affirming the family court, the circuit court found "clear" evidence that Michael W.'s usual annual income was "$30,000 to $40,000 less" than the $102,000 of annual income found by the family court, which Michael W. attributed to extra overtime worked in 2020. The court also noted that some of Michael W.'s income resulted from sharing the Ohio home with roommates, which he did not plan to continue. According to the court, Jennifer W.'s requested spousal support of $1,500 per month exceeded Michael W.'s ability to pay while Jennifer W.'s monthly income met her basic needs "between her [own] income and the amount she receives monthly in child support." The circuit court entered its order affirming the family court on October 6, 2021, and Jennifer W. filed this appeal.

## II. STANDARD OF REVIEW

Although this appeal comes to us from the circuit court, we focus our review on the family court's June 23, 2021 order. As we have stated before,

---

[3] *See* "Order on Alimony" at ¶ o.

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). Guided by this framework, we will consider Jennifer W.'s appeal.

## III. ANALYSIS

In this appeal, Jennifer W. contends that the family court abused its discretion by awarding "lump sum" alimony[4] instead of permanent spousal support. The West Virginia Code provides for four classes of alimony or "spousal support": "(1) [p]ermanent spousal support; (2) temporary spousal support, otherwise known as spousal support pendente lite; (3) rehabilitative spousal support; and (4) spousal support in gross." W. Va. Code § 48-8-101(b). The Code further provides that such "support may be paid as a lump sum or as periodic installments[.]" *Id.* § 48-8-101(a).

By statute, a court must consider twenty specific "factors in determining the *amount and duration* of spousal support" to be awarded, if any. *Id.* § 48-6-301(b) (eff. 2018) (emphasis added). Those factors are as follows:

(1) The length of time the parties were married;

---

[4] Though Jennifer W. refers to the alimony awarded by the family court as "lump sum alimony," what the family court awarded, in statutory terms, was spousal support in gross that was payable in periodic installments. *See* W. Va. Code § 48-8-101 (eff. 2001). Further, the terms "alimony" and "spousal support" were used in the orders from the family court and the circuit court. For consistency, we will use the term "spousal support."

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market, and custodial responsibilities for children;

(5) The distribution of marital property . . . , insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support and separate maintenance . . . ;

(6) The ages and the physical, mental, and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education, or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support and separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described [above] in [subdivision (10)] . . . ;

6

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Any other factors as the court determines necessary or appropriate to consider in order to arrive at *a fair and equitable grant of spousal support* and separate maintenance.

*Id.* (emphasis added). West Virginia statutory law further requires a court to "consider and compare the fault or misconduct of either or both of the parties and the effect of the fault or misconduct as a contributing factor to the deterioration of the marital relationship." *Id.* § 48-8-104 (eff. 2001).

We have held that "[q]uestions relating to [spousal support]" lie "within the sound discretion of the court" and that we will not disturb such decisions "unless it clearly appears that such discretion has been abused." Syl. Pt. 2, in part, *Mulugeta v. Misailidis*, 239 W. Va. 404, 801 S.E.2d 282 (2017). We have also "recognize[d] that as long as the family court fully considers the mandatory statutory factors, and its award of spousal

7

support is within the parameters of reasonableness, this Court should not disturb the award on appeal." *Id.* at 410, 801 S.E.2d at 288. Jennifer W. does not contend that the family court failed to consider the mandatory statutory factors set forth in West Virginia Code § 48-6-301(b) or the additional mandatory statutory factor set forth in West Virginia Code § 48-8-104. Nor does she contend that the family court's findings of fact with respect to those factors were clearly erroneous. *Carr*, 216 W. Va. at 475, 607 S.E.2d at 804, syl. On the contrary, she argues that the family court's "application of those facts to the law . . . was an abuse of discretion." After careful review, we agree that, based on the family court's own findings of fact and consideration of mandatory statutory factors, the decision to award $10,000 of spousal support in gross was unreasonable and a clear abuse of discretion.

In its June 23, 2021 order, the family court found numerous facts that favored an award of spousal support. According to the family court, the parties were "relatively young" when they married, and they remained married for almost nineteen years, cohabiting until their separation in September 2020. *See* W. Va. Code §§ 48-6-301(b)(1) to –(2) (length of marriage and cohabitation). Michael W. has a "much higher" ability to earn an income and substantially greater net income than Jennifer W. *See Id.* §§ 48-6-301(b)(3) to –(4) (present income and earnings and ability to earn income). Indeed, the family court found that the disparity between their incomes is "huge." The family court also found that while Michael W. "was able to advance in his career at AK Steel with little concern for his family's well-being[,]" Jennifer W. "postponed any educational and career

8

opportunities during their marriage by staying at home and only working part-time." *See Id.* § 48-6-301(b)(8) (foregone or postponed opportunities). Now she cannot, according to the family court, readily increase her earning ability through education or training. *See Id.* § 48-6-301(b)(10) (likelihood that income may be substantially increased within reasonable time).

Significantly, the family court also found that Jennifer W.'s "basic monthly expenses exceed her monthly income" and that she would not be able to support herself and the remaining minor child when Michael W.'s child support obligation fell to $920 per month in August 2021. *See Id.* § 48-6-301(b)(17) (financial need). Moreover, despite expressly finding that the loss of $397 per month in child support would render Jennifer W. and the third child "[un]able to meet their basic needs[,]" the family court inexplicably awarded $397 per month in spousal support for only twelve months, continuing only until July 2022. Remarkably, the family court does not appear to have recognized that the remaining minor child will not graduate from high school until June 2024 or that Jennifer W., herself, might need spousal support thereafter. By contrast, the family court found that Michael W.'s alleged "monthly expenses were at best exaggerated" and that his net income provided "discretionary income to pay spousal support."

We recognize that "[spousal support] may not be awarded solely for the purpose of equalizing the income between spouses." *Pelliccioni v. Pelliccioni*, 214 W. Va. 28, 34, 585 S.E.2d 28, 34 (2003) (quoting *Stone v. Stone,* 200 W.Va. 15, 19, 488 S.E.2d 15, 19 (1997)). We also agree with the family court that both parties in a divorce action

9

often "suffer financially" and must often "adjust their lifestyle[s] moving forward." However, that is no excuse for awarding spousal support that "harshly short-change[s]" one of the spouses. *Mulugeta*, 239 W. Va. at 410, 801 S.E.2d at 288. As we noted in *Mulugeta*, "among the factors that the family court [i]s required to consider in determining the amount of the spousal support award is '[t]he standard of living established during the marriage[.]' W. Va. Code § 48-6-301(9)." *Mulugeta,* 239 W. Va. at 410, 801 S.E.2d at 288. In this case, the family court found that the parties enjoyed a "relatively comfortable middle-class life" before the divorce, yet the family court awarded an amount and duration of spousal support that, by the family court's own findings, was inadequate to meet Jennifer W.'s basic needs after July 2022. Such an outcome is neither "fair" nor "equitable," especially given the fact that the divorce left Jennifer W. with a house to maintain and a mortgage to pay. *See* W. Va. Code § 48-6-301(b)(5) (effect of property distribution on need for spousal support); *see also id.* § 48-6-301(b)(20) (other factors "necessary or appropriate" to achieve "fair and equitable grant of spousal support").

On the contrary, we find that the family court's award of spousal support in gross in this matter resulted from a clear error of judgment on the part of the court in weighing the mandatory statutory factors and that this error of judgment amounted to an abuse of discretion. *Banker v. Banker*, 196 W. Va. 535, 548, 474 S.E.2d 465, 478 (1996) (noting that "[a]n abuse of discretion occurs . . . when all proper factors, and no improper ones, are considered, but the family [court] in weighing those factors commits a clear error of judgment"). We decline the Petitioner's invitation to substitute our own judgement as

10

to which of the three remaining types of support pursuant to West Virginia Code § 48-8-101(b) is appropriate, nor will we determine the precise amount of support that should be awarded. However, for the reasons set forth above, we believe that an in gross award that results in a total amount of $4,764, after offsets, is clearly inadequate and constitutes an abuse of discretion. Accordingly, we reverse the circuit court's order affirming the family court's award of spousal support in gross and order the circuit court to remand this case to the family court. On remand, we direct the family court to reconsider the award of spousal support in view of all statutory factors and to arrive at a fair and equitable award of spousal support, retroactive to August 2022.

## IV. CONCLUSION

For the foregoing reasons, we reverse the circuit court's October 6, 2021 order and direct the circuit court to enter an order remanding this case to the family court for further proceedings consistent with this opinion.

Reversed and remanded
with directions.

11